UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

American Property Development
Southwest LLC, a Washington limited
liability company; American Property
Development, Inc., a Washington
corporation; American Home Builders, Inc.,
a Washington corporation; American Property
Management, Inc., a Washington corporation;
and Highlands at Spectrum, LLC, a
Washington limited liability company,

        Plaintiffs,

v.

Landform Engineering Company, a
Minnesota Corporation; and Does 1-100,

        Defendants.

Civil No. 07-3556 (DWF/AJB)

**MEMORANDUM
OPINION AND ORDER**

_____

Donald L. Beauclaire, Esq., and Robert J. Hajek, Esq., Hajek, Meyer & Beauclaire, PLLC, counsel for Plaintiffs and Counter Defendants American Property Development, Inc., American Property Management, Inc., and Highlands at Spectrum, LLC.

Robert J. Hajek, Esq., Hajek, Meyer & Beauclaire, PLLC, counsel for Counter Defendant American Home Builders, Inc.

Christopher D. Newkirk, Esq., and Vincent W. King, Esq., Arthur Chapman Kettering Smetak & Pikala, PA, counsel for Defendant and Counter Claimant Landform Engineering Company.

_____

**INTRODUCTION**

      This matter came before the Court on November 30, 2007, pursuant to a Motion to

Dismiss With Prejudice filed by Defendant Landform Engineering Company

("Landform").  For the reasons set forth below, the Court denies the motion without prejudice.

## BACKGROUND

Plaintiff American Property Development, Inc. is a land developer, and the other named Plaintiffs are related entities (collectively, "American Property").  Defendant Landform is a civil-engineering firm.  This suit arose from a development project for a multi-family residential complex in Gilbert, Arizona, whereby American Property contracted for Landform's services.

On February 6, 2007, American Property filed a Complaint in Maricopa County Superior Court, in Arizona.[1]  Also on February 6, 2007, pursuant to Ariz. Rev. Stat. § 12-2602, American Property filed a Certification of Expert Testimony.  Therein, American Property certified that "they [would] use expert opinion testimony to prove Defendant Landform Engineering Company's standard of care and/or liability." (Affidavit of Aaron R. Hartman, Ex. A.)  Thereafter, Landform removed the case to the United States District Court for the District of Arizona.

On March 14, 2007, Landform filed a Motion to Dismiss, Stay or Transfer Action to Minnesota Federal Court.  On April 2, 2007, American Property filed and served an Amended Complaint, adding American Property Development Southwest LLC as a

---

[1] The Complaint was served on February 12, 2007.

party.[2]  On July 12, 2007, the United States District Court for the District of Arizona denied Landform's motion to dismiss or stay the action, but granted its motion to transfer.

On July 18, 2007, Landform's attorney sent a demand letter to American Property stating the following:

> Please consider this to be Landform's demand for the affidavit required by Minn. Stat. § 544.42, subd. 2(1).
>
> Landform makes this demand without waiving its position that the time for serving the affidavit required by § 544.42, subd. 2(2) expires on August 5, 2007.

(Affidavit of Vincent W. King in Supp. of Mot. to Dismiss, Ex. A, p.2.)[3]

On July 26, 2007, the case was transferred to the District of Minnesota. On October 9, 2007, Landform filed a Motion to Dismiss With Prejudice, based on American Property's non-compliance with the affidavit requirements set forth in Minn. Stat. § 544.42. As of November 30, 2007, the date of the hearing before this Court regarding Landform's motion, American Property had not provided affidavits to Landform that would satisfy the requirements provided in Minn. Stat. § 544.42.

---

[2]   In its Amended Complaint, American Property alleges breach of contract, negligence, negligent misrepresentation, and breach of warranty.

[3]   Landform asserts that it has also has attempted to discuss the expert affidavit requirements with American Property after this letter was sent.

## DISCUSSION

**I.      Minn. Stat. § 544.42**

Under Minnesota law, a party must certify expert review of claims alleging negligence or malpractice against certain professionals, including engineers.  Minn. Stat. § 544.42, subd. 1(1) & subd. 2(1), (2).  Specifically, subdivision 2 of the statute requires two separate affidavits from the party bringing the suit if the party intends to use expert testimony to establish a prima facie case:

> In an action against a professional alleging negligence or malpractice in rendering a professional service where expert testimony is to be used by a party to establish a prima facie case, the party must:
>
> (1)  unless otherwise provided in subdivision 3, paragraph (a), clause (2) or (3), serve upon the opponent with the pleadings an affidavit as provided in subdivision 3; and
>
> (2)  serve upon the opponent within 180 days an affidavit as provided in subdivision 4.

Minn. Stat. § 544.42, subd. 2.[4]  Failure to provide affidavits pursuant to subdivision 3 or subdivision 4 may result in mandatory dismissal of the suit.  Minn. Stat. § 544.42, subd. 6.[5]

---

[4]     Subdivisions 3 and 4 describe the two affidavits further:

**Subd. 3.  Affidavit of expert review.**  (a) The affidavit required by subdivision 2, clause (1), must be drafted by the party's attorney and state that:

(1)  the facts of the case have been reviewed by the party's attorney with an expert whose qualifications provide a reasonable expectation that the

(Footnote Continued on Next Page)

(Footnote Continued From Previous Page)

> expert's opinions could be admissible at trial and that, in the opinion of this expert, the defendant deviated from the applicable standard of care and by that action caused injury to the plaintiff;
>
> (2) the expert review required by clause (1) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations; or
>
> (3) the parties have agreed to a waiver of the expert review required by clause (1) or the party has applied for a waiver or modification by the court under paragraph (c).
>
> (b) If an affidavit is executed under paragraph (a), clause (2), the affidavit in paragraph (a), clause (1), must be served on the defendant or the defendant's counsel within 90 days after service of the summons and complaint.
>
> (c) The certification of expert review required under this section may be waived or modified if the court where the matter will be venued determines, upon an application served with commencement of the action, that good cause exists for not requiring the certification.  Good cause includes, but is not limited to, a showing that the action requires discovery to provide a reasonable basis for the expert's opinion or the unavailability, after a good faith effort, of a qualified expert at reasonable cost.  If the court waives or modifies the expert review requirements, the court shall establish a scheduling order for compliance or discovery.  If the court denies a request for a waiver under this subdivision, the plaintiff must serve on the defendant the affidavit required under subdivision 2, clause (1), within 60 days, and the affidavit required under subdivision 2, clause (2), within 180 days.
>
> **Subd. 4.  Identifying experts to be called; adding or substituting experts.**  (a) The affidavit required by subdivision 2, clause (2), must be signed by the party's attorney and state the identity of each person whom the attorney expects to call as an expert witness at trial to testify with respect to the issues of negligence, malpractice, or causation, the substance of the facts and opinions to which the expert is expected to testify, and a

(Footnote Continued on Next Page)

---

(Footnote Continued From Previous Page)

> summary of the grounds for each opinion.  Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the party's attorney and served upon the opponent within 180 days after commencement of the action against the defendant or within 180 days after service of the affidavit required by subdivision 3, paragraph (a), clause (2) or (3).
>
> (b) The parties by agreement, or the court for good cause shown, may provide for extensions of the time limits specified in subdivision 2, 3, or this subdivision.  Nothing in this subdivision prevents any party from calling additional expert witnesses or substituting other expert witnesses.

Minn. Stat. § 544.42, subds. 3, 4.

[5]   Subdivision 6 states the following:

> **Subd. 6.  Penalty for noncompliance**.  (a) Failure to comply with subdivision 2, clause (1), within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case.
>
> (b) Failure to comply with subdivision 3, paragraph (b) or (c), results, upon motion, in mandatory dismissal of each cause of action with prejudice as to which expert testimony is necessary to establish a prima facie case.
>
> (c) Failure to comply with subdivision 4 results, upon motion, in mandatory dismissal of each action with prejudice as to which expert testimony is necessary to establish a prima facie case, provided that an initial motion to dismiss an action under this paragraph based upon claimed deficiencies of the affidavit or answers to interrogatories shall not be granted unless, after notice by the court, the nonmoving party is given 60 days to satisfy the disclosure requirements in subdivision 4.  In providing its notice, the court shall issue specific findings as to the deficiencies of the affidavit or answers to interrogatories.

Minn. Stat. § 544.42, subd. 6.

## II.     Analysis

Landform contends that because American Property did not provide its initial affidavit within 60 days after demand for the affidavit, American Property's action should be dismissed pursuant to Minn. Stat. § 544.42, subd. 6(a). Landform also contends that because American Property has not provided the Minn. Stat. § 544.42, subd. 2(2) affidavit identifying its trial experts within 180 days after serving its Complaint (or Amended Complaint here), American Property's action should be dismissed.[6] *See House v. Kelbel*, 105 F. Supp. 2d 1045, 1049 (D. Minn. 2000) ("[F]ailure to provide either of [the § 544.42] affidavits may result in mandatory dismissal of the suit."). In addition, Landform contends that it has not waived its right to service of the two affidavits, nor agreed to extend the deadlines.

American Property, on the other hand, contends that Minn. Stat. § 544.42 does not apply to actions initially filed out-of-state (here, Arizona). Specifically, American Property asserts that because § 544.42, subd. 2(1) requires service of an affidavit "with the pleadings," and because § 544.42, subd. 3(c) states that the certification of expert

---

[6]     Landform asserts that American Property's entire action must be dismissed because all of American Property's asserted claims relate back to its professional negligence claim, which requires expert support. American Property does not dispute this.

review may be waived or modified "upon application served with commencement of the action," the statute applies only to actions that were commenced in Minnesota.[7]

Landform disagrees with American Property's interpretation of the statute. Landform asserts that the statute neither expressly excludes nor includes matters transferred into Minnesota. In addition, Landform asserts that American Property should have known that Minnesota law would apply when it filed its action in Arizona because

---

[7] American Property also contends that conflict of law principles preclude application of Minn. Stat. § 544.42 because Federal Rule of Civil Procedure 26(a)(2) requires that "[expert] disclosures shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). In addition, American Property asserts that under Minnesota choice of law principles, Arizona substantive law governs the determination of liability. In response, Landform contends that Minn. Stat. § 544.42 is substantive and does not directly conflict with Fed. R. Civ. P. 26(a)(2). The Court agrees that there is no direct conflict between Minn. Stat. § 544.42 and Rule 26(a)(2).

Alternatively, American Property asserts that if the Court finds that Minn. Stat. § 544.42 applies, good cause exists for the Court to waive the statutory requirements or schedule a reasonable time for American Property to serve the affidavits-at-issue. In response, Landform argues that American Property's request for waiver or an extension based on good cause is untimely. Specifically, Landform asserts that American Property had a duty under Minn. Stat. § 544.42, subds. 2(1), 4(b) to either file the affidavits or obtain Landform or the Court's agreement to waive or modify the requirement based on good cause, prior to the when the affidavits were due. *See* Minn. Stat. § 544.42, subd. 3(a)(3), (c). Here, Landform asserts that American Property has not followed the proper procedure for requesting waiver or an extension. In addition, Landform asserts that application of the Minnesota statute is fair because it has a "safe harbor" provision that requires an opposing party such as itself to serve a demand on the claimant for the affidavits, which affords claimants yet another chance to provide the required affidavits. As explained below, the Court need not make this determination at this juncture because the Court has not decided whether Minnesota law applies.

the contract-at-issue, which is the basis for the dispute, states that Minnesota law is to be applied and that any arbitration or litigation must be venued in Minnesota.

At the November 30, 2007 hearing, American Property raised an argument addressing the dispute resolution provision that had not previously been raised in the briefs.[8]  Specifically, American Property now asserts that before a determination can be made as to whether Minnesota Stat. § 544.42 applies, the Court must make a determination as to which contract is enforceable.  American Property asserts that two contracts were signed—the first signed on behalf of American Property by an individual with authority to bind American Property, and the second signed on behalf of American Property by an individual without such authority.  American Property asserts that it is the second contract that has the dispute resolution clause in favor of Minnesota and Minnesota law.  But based on the alleged unauthorized signature, American Property argues that the second contract is null and the first contract applies.  American Property asserts that the first contract does not have a forum selection clause or choice of law provision favoring Minnesota, and therefore American Property contends that Arizona law applies.  If the Court agrees with American Property, then American Property asserts that it has complied with Arizona's expert disclosure requirements.

---

[8]     After American Property filed its opposition and Landform filed its reply in this matter, American Property filed a Stipulation regarding Substitution of Counsel.  On November 6, 2007, the Court issued an Order substituting new counsel on behalf of American Property.  The new counsel appeared at the hearing, but had not previously worked on any of the briefing submitted in opposition to the pending motion.

The Court recognizes that because American Property's primary argument was not raised in its brief, the Court need not address it. *See Thomsen v. Ross*, 368 F. Supp. 2d 961, 974 n.9 (D. Minn. 2005) (concluding that plaintiff had abandoned claims not addressed in his response in opposition to summary judgment). In fact, the Court rarely considers such untimely disclosures. However, in this instance, the Court will consider the argument because of the unique circumstances surrounding the substitution of American Property counsel after its briefing deadlines and because failure to do so may result in the harsh result of dismissal of American Property's claims. Arguably, the only prejudice to Landform is the delay associated with the late disclosure of American Property's primary argument and the costs associated with the delay.

At a minimum, American Property has raised a fact question as to which contract applies. Because of this fact issue, the Court is unable to determine which state's law applies and cannot reach the main question before the Court—the applicability of Minn. Stat. § 544.42. Therefore, the Court denies Landmark's motion to dismiss without prejudice. In addition, given the situation before the Court, the Court finds that an award of Landform's reasonable attorney fees and costs in connection with bringing this motion is appropriate. The Court notes that if and when the contract-application issue is properly briefed and put before the Court, the Court could, after that determination, and upon proper motion brought by Landmark, determine the applicability of Minn. Stat. § 544.42 and whether American Property's claims should be dismissed for lack of compliance.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Landform's Motion to Dismiss With Prejudice (Doc. No. 36) is **DENIED WITHOUT PREJUDICE**.

2. Reasonable attorney fees and costs incurred by Landform in connection with bringing this motion are **GRANTED**.

   a. Absent stipulation of the parties with respect to the issue of attorney fees and costs, Landform shall submit an affidavit to the Court with a memorandum, not exceeding five pages, setting forth its reasonable attorney fees and costs within fourteen days of the date of this Order. American Property will then have seven days from receipt of Landform's affidavit and memorandum to submit a responsive memorandum, not exceeding five pages, and any additional affidavits. The Court will reserve the right to proceed with or without oral argument at that time.

Dated: December 14, 2007               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court