## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| American Property Development Southwest LLC, a Washington limited liability company; American Property Development, Inc., a Washington corporation; American Home Builders, Inc., a Washington corporation; American Property Management, Inc., a Washington corporation; and Highlands at Spectrum, LLC, a Washington limited liability company, | Civil No. 07-3556 (DWF/AJB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Landform Engineering Company, a Minnesota Corporation; and Does 1-100, | |
| Defendants. | |

_____

Donald L. Beauclaire, Esq., and Robert J. Hajek, Esq., Hajek, Meyer & Beauclaire, PLLC, counsel for Plaintiffs and Counter Defendants American Property Development, Inc., American Property Management, Inc., and Highlands at Spectrum, LLC.

Robert J. Hajek, Esq., Hajek, Meyer & Beauclaire, PLLC, counsel for Counter Defendant American Home Builders, Inc.

Christopher D. Newkirk, Esq., and Vincent W. King, Esq., Arthur Chapman Kettering Smetak & Pikala, PA, counsel for Defendant and Counter Claimant Landform Engineering Company.

_____

## INTRODUCTION

This matter is before the Court pursuant to a Motion in Support of Claim for Attorneys' Fees and Costs brought by Defendant Landform Engineering Company ("Landform"). For the reasons set forth below, the Court grants Landform's motion.

## BACKGROUND

On October 9, 2007, Landform filed a Motion to Dismiss With Prejudice, based on American Property's non-compliance with the affidavit requirements set forth in Minn. Stat. § 544.42. In its December 14, 2007 Order, the Court denied Landform's motion without prejudice and concluded that it was unable to determine the applicability of Minn. Stat. § 544.42 because Plaintiffs (collectively, "American Property") had raised a fact question as to whether Minnesota or Arizona law applies. Specifically, American Property argued that there were two signed contracts and that the Court should determine which contract was enforceable. Because American Property raised this argument for the first time at the November 30, 2007 hearing, the Court concluded that granting Landform's reasonable attorney fees and costs in connection with bringing its motion to dismiss was appropriate.

## DISCUSSION

**I.   Attorney Fees and Costs**

In response to the Court's December 14, 2007 Order, Landform requests the attorney fees and costs billed by its counsel for bringing its motion to dismiss. Pursuant

to Federal Rule of Civil Procedure 54, a Court may allow attorney fees and costs through order of the Court.

**A.     Lodestar**

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar" – the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In determining a reasonable hourly rate, the Court looks to the market in the community in which the litigation is situated, specifically at the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and reputation.  *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988).

Landform requests a total of $10,257.14 in attorney fees and costs.  Landform has provided the Court with affidavits documenting the hours expended in bringing its motion to dismiss and the billing rates requested for those services.  These figures are summarized in the table below:

*Landform's Proposed Lodestar Analysis*

|  | Hours | Hourly Rate | Costs/Disbursements | Billing |
|---|---|---|---|---|
| Vincent W. King | 15.33 | $215.00 | $298.14 | $3,594.64 |
| Christopher D. Newkirk | 53.3 | $125.00 | $0 | $6,662.50 |

American Property does not challenge the reasonableness of Landform's counsel's billing rates.  Instead, American Property contends that the number of hours requested is

3

excessive and unreasonable. Specifically, American Property contends that (1) Landform should not be reimbursed for time incurred in preparing its initial motion to dismiss because the hours would have been incurred regardless of whether American Property's key argument appeared in its opposition; (2) Landform should not be reimbursed for time incurred in bringing the fee motion because such fees are outside the scope of the December 14, 2007 Order; and (3) Landform should not be reimbursed for the full amount requested because the hours incurred are excessive and unreasonable in light of the motion being "straightforward" and the experience of Landform's counsel.[1] Therefore, American Property requests that Landform's counsel's lodestar be reduced to $7,060.89, with possible further reduction in the Court's discretion.

The Court concludes that both Landform's counsel's billing rates and number of hours requested are reasonable and rejects American Property's assertion that the hours incurred are excessive. The activities billed are related to the motion to dismiss, are not

---

[1] American Property also contends that the Court should adjust the fees downward based on the fact that Landform "lost the motion." (Pls.' Mem. in Opp'n to Def.'s Claim for Att'ys Fees and Costs 5.) The Court disagrees with American Property's construction of the Court's December 14, 2007 Order. Although the motion to dismiss was denied, it was denied because the Court could not determine the issue that Landform had raised—the applicability of Minn. Stat. § 544.42—because of American Property's newly-raised issue. The Court noted that "if and when the contract-application issue is properly briefed and put before the Court, the Court could, after that determination, and upon proper motion brought by Landmark, determine the applicability of Minn. Stat. § 544.42 and whether American Property's claims should be dismissed for lack of compliance." (December 14, 2007 Order at 10.) Therefore, neither party really "won" nor "lost" the motion.

duplicative, and are reasonable in amount given the amount of time needed for research, drafting, and review for a motion of this nature and with the types of issues raised.  The Court also disagrees with the proposition that Landform should not be reimbursed for time incurred in preparing its initial motion to dismiss.  The record reflects that Landform sent a demand letter regarding the expert affidavit requirements to American Property on July 18, 2007, and that it attempted to discuss the expert affidavit requirements with American Property after this letter was sent.  If American Property had raised its now-primary argument with Landform in response to those communications, Landform may not have filed its motion to dismiss, or may have taken a completely different approach in seeking dismissal from the Court.  Therefore, the Court concludes that Landform should be reimbursed for the time it incurred in drafting, serving, and filing the initial motion.  In addition, the Court concludes that Landform is entitled its attorney fees and costs associated with bringing the current fee motion.  The necessity for this motion was born out of the Court's December 14, 2007 Order and is directly related to American Property's neglect in not raising its key argument in its opposition to the motion to dismiss.  Further, the Court finds that the amount requested in regard to the fee motion is more than reasonable.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Landform's Motion in Support of Claim for Attorneys' Fees and Costs (Doc. No. 57) is **GRANTED**.  Plaintiffs shall pay $10,257.14 to Landform for its

attorney fees and costs within thirty days of the date of this Order.  If Plaintiffs do not make such payment in a timely manner, the Court will direct entry of judgment in this amount upon request by Landform at that time.

Dated:  January 30, 2008			s/Donovan W. Frank
						DONOVAN W. FRANK
						Judge of United States District Court